## KLINGINSMITH *against* NOLE.

It is not essential to the right of appeal from the judgment of a justice of the peace, that the claim of the party should be set out on the docket; it sufficiently appears if it be made out in writing and presented to the justice upon the trial before him.

ERROR to the Common Pleas of *Westmoreland* county.

This suit was commenced by the plaintiff in error before a justice of the peace, who entered the same on his docket in the following words, "summons debt not exceeding one hundred dollars; on account of defendant's building a grist-mill for the plaintiff." There was no other or further entry made by the justice on his docket of the claim of the plaintiff, and no entry whatever of what the defendant claimed to set-off against the plaintiff. It merely appeared further that the justice upon the trial gave a judgment against the defendant in favor of the plaintiff for ninety-eight cents with costs of suit. From this judgment the defendant appealed to the next court of Common Pleas, which was to be held in November, 1830. The plaintiff at this term of the court obtained a rule on the defendant, to shew cause why the appeal should not be quashed: and the defendant obtained a rule upon the justice to return the accounts and evidence in the case. Under this last rule the justice returned an account made out by the defendant, which he produced before the justice on the trial of the cause against the plaintiff, for work, labour and services, amounting to upwards of ninety dollars, which he alleged was owing to him, and claimed to have a judgment against the plaintiff for the same. The justice also returned an account which the plaintiff had made out and exhibited on the trial before him against the defendant. The court below, after hearing the parties, discharged the rule to shew cause why the appeal should not be quashed.

The cause was afterwards tried by arbitrators appointed under the compulsory arbitration law, and an award was given by the arbitrators in favor of the defendant for twenty dollars, fourteen cents and the costs of suit.

The plaintiff in error alleged, that the court below erred in discharging the rule which had been obtained by him for quashing the appeal.

The question which arises here is, whether the defendant was entitled to an appeal according to the true construction of the act of the 20th of March, 1810.

*J. Findlay* for plaintiff in error,

Referred to the 3d *Sect. of the act of 20th March,* 1810, *Purd. Dig.* 451. *Stewart* v. *Keemle,* 4 *Serg. & Rawle,* 72. *Stoy* v. *Yost,* 12 *Serg. & Rawle,* 485. .

(Klinginsmith *v.* Nole.)

*Nichols* for defendant in error, cited *Cochrane v. Parker,* 6 *Serg. & Rawle,* 549.

The opinion of the court was delivered by

KENNEDY, J.---The third section of the act of 20th March, 1810, provides, that "if the parties appear before the justice, either in person or by agents, the justice shall proceed to hear their proofs and allegations, and if the *demand* shall not exceed five dollars and thirty-three cents, shall give judgment, as to right and justice may belong, which judgment shall be final, but if the demand or *sum in controversy* shall be more than that sum and shall not exceed one hundred dollars, and either party shall refuse to submit the determination of the case to the justice, he shall in that case request them to choose referees," &c. And the fourth section proceeds further to declare that "if either party or their agents shall refuse to refer, the justice may proceed to hear and examine their proofs and allegations, and thereupon give judgment publicly, as to him of right may appear to belong, either party having the right to appeal within twenty days after judgment being given either by the justice alone, or on award of referees, when such sum shall exceed the sum of twenty dollars." The fourth section also enacts that a defendant who shall neglect or refuse *in any case* to set off his demand, whether founded upon bond, note, penal or single bill, writing obligatory, book account, or damages in assumption against a plaintiff, which shall not exceed the sum of one hundred dollars, before a justice of the peace, shall be, and is thereby, forever barred from recovering against the party plaintiff, by any after suit." It is clear from the words of the third section that it is the amount of the *demand* and not the amount of the *judgment* given by the justice which regulates the right of appeal to the court of Common Pleas. Nor is it confined to the amount of the plaintiff's demand; for I consider that upon a fair construction of the act the word "demand" or at least the expression "*sum in controversy*" will refer to, and embrace the *demand* which the defendant may offer to set-off, or claim a judgment for, against the plaintiff. This construction seems necessary not only to do equal justice between the plaintiff and defendant, and to place the defendant upon an equal footing with the plaintiff, but to preserve to him the right of trial by jury inviolate as before the adoption of our present state constitution. By the seventh section of the act it is expressly declared that if the defendant shall in "*any case*" no matter what the amount of the plaintiff's claim may be, whether above or below five dollars and thirty-three cents, neglect to set-off his demand, if it do not exceed one hundred dollars, he shall ever afterwards be debarred from recovering the same of the plaintiff. This provision of the act compels the defendant to set-off or bring forward on such claim against the plaintiff if he has it or otherwise.

(Klinginsmith *v.* Nole)

forfeit all right to demand or sue for it afterwards; which could never have been intended by the legislature, without giving to the defendant ultimately by appeal, the benefit of a jury trial, in deciding upon his claim, where it shall exceed five dollars and thirty-three cents, and the justice shall have decided against him.

It has, however, been contended in this case by the counsel for the plaintiff in error, that the defendant ought, at all events, in order to have entitled himself to an appeal from the decision of the justice, to have had the amount of his claim *entered upon the justice's docket.*    The act of assembly certainly does not require this.    Besides, it seems to me that the defendant can have nothing entered upon the justice's docket but what the justice shall please to put there, and that it would be too severe to deprive a party of his right on account of the omission of the justice.    Because in this case it appears from the return of the justice to the rule taken upon him in the court below, to return the accounts and evidence in the case, that the defendant had made a statement in writing of the amount of his claim against the plaintiff, detailing the items of it, and shewing what each was for; and had presented it to the justice before trial, and left it with him.    This was certainly as much as he could do.    If it ought to have been noted or entered in any way on the justice's docket, it was the duty of the justice to have done so, and his omission ought not to prejudice the defendant in his right to an appeal.    Indeed it is expressly provided for, towards the close of the fourth section of the act, that "*no deficiency* of form or *substance* in the *record* or *proceedings returned,* nor any mistake in the form or name of the action, shall prejudice *either* party in the *court to which the appeal shall be made.*" Neither do I see any good reason why a statement made out in writing by a party containing not only the amount of his claim, but also the nature of it, and given as such to the justice before trial, as was done in this case, and at the time of trial, and left with him, should not be equivalent to an entry of the amount of his claim by the justice on his docket.    The statement thus reduced to writing by the party and left with the justice, can be certified and returned with the appeal to the court by him, and will be at least as likely to be free from mistake, as if he had entered it on his docket merely from the *mouth* of the party.    Certainty of what was the *amount* of the party's demand before the justice on trial, is the object sought after; and the mode adopted by the Common Pleas in this case to attain this end, as well as the evidence furnished by the justice, of the amount of the defendant's demand, which greatly exceeded five dollars and thirty-three cents, is quite satisfactory; and in the opinion of a majority of this court, entitled him to his appeal.

Ross, J. dissented.                                    Judgment affirmed.